## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TSOSIE WASHBURN, JR.,

     Plaintiff,

v.                                                                      No. 24-cv-0738-DHU-LF

LEA COUNTY CORRECTIONS FACILITY, *et al,*

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He alleges prison officials provided negligent medical care. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND[1]

Plaintiff was previously incarcerated at the Lea County Corrections Facility (LCCF) in Hobbs, New Mexico. The Complaint alleges LCCF officials failed to provide adequate medical care, but the nature of Plaintiff's injury is unclear. *See* Doc. 1 at 3. It appears prison officials may have failed to properly manage his diabetes. The Complaint states Plaintiff is diabetic and that he spent three days in the hospital "due to insulin" and "medical negligence." *Id.* at 5, 12, 15.

Based on these facts, the Complaint raises 42 U.S.C. § 1983 claims for medical malpractice/negligence and breach of liberty. *See* Doc. 1 at 3. The Complaint seeks $1.3 million in damages from three Defendants: (1) LCCF; (2) Officer Olivas; and (3) Grievance Officer T.

---

[1] For the purpose of this ruling, the Court accepts as true all facts in the Complaint (Doc. 1).

Goins.  *Id.* at 1-2, 5.  Plaintiff paid the initial partial filing fee, and the matter is ready for initial review under 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile.  *Id.*

## DISCUSSION

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person'

acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Essentially, "a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Applying these standards, the Complaint fails to state a cognizable § 1983 claim against any Defendant. The Complaint names LCCF; Officer Olivas; and Grievance Officer Goins. *See* Doc. 1 at 1-2. It is well settled that LCCF is not a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" that can be sued under § 1983); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities ... are not 'persons' ... under § 1983"); *White v. Utah*, 5 Fed. App'x 852, 853 (10th Cir. 2001) ("a detention facility is not a person or legally created entity capable of being sued" under § 1983). Officers Olivas and Goins can be sued under § 1983. However, beyond listing those Defendants in the caption, the Complaint fails to connect them to any alleged wrongdoing. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("collective allegations" regarding the alleged wrongdoing do not state a viable claim, nor do "active-voice yet undifferentiated contention that 'defendants' infringed [plaintiff's] rights").

Alternatively, even if the Complaint named the proper parties, the allegations are insufficient to demonstrate a constitutional violation. Plaintiff contends prison officials were negligent and committed malpractice. The Tenth Circuit has repeatedly held that the "negligent

failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (quoting *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir.1999)). *See also Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1495 (10th Cir. 1990) (demonstrating a constitutional violation requires the plaintiff to prove "a higher degree of fault than negligence, or even gross negligence").

Construed liberally, the Complaint may also raise an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm. The deliberate indifference test requires plaintiffs to "satisfy an objective prong and a subjective prong." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (quotations omitted). The objective prong requires a substantially serious medical need, which is satisfied "if a physician directed further treatment after diagnosing the condition or the need for a doctor's attention would be obvious to a lay person." *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021). To satisfy the subjective prong of the deliberate-indifference test, the complaint must include "evidence of [each individual] prison official's culpable state of mind." *Id.* at 751. Each defendant must have known plaintiff faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it. *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

The instant Complaint alleges Plaintiff is diabetic and was hospitalized due to some issue with his insulin levels. *See* Doc. 1 at 5, 12, 15. There is no information about the nature of his injury; his requests for medical care; or what care prison officials failed to provide. There are also no allegations that Officers Olivas or Goins knew Plaintiff faced a serious risk of harm before the injury occurred. The Complaint therefore fails to satisfy either prong of the Eighth Amendment deliberate-indifference test. To the extent the Complaint alleges the failure to provide medical care constitutes a "breach of liberty," it is unclear what claim Plaintiff intends to raise. *See Iqbal,*

4

556 U.S. at 678 (citations to labels/conclusions are insufficient to state a cognizable claim for relief).

For these reasons, the Complaint (Doc. 1) fails to state a § 1983 claim.  The Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).  *Pro se* prisoners are ordinarily given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  Plaintiff may therefore file an amended complaint within thirty (30) days of entry of this Order.  If Plaintiff fails to timely amend or files another pleading that fails to state a cognizable federal claim, the Court may dismiss this case without further notice.

Plaintiff is finally advised that if he wishes to pursue a state tort claim for negligence/medical malpractice, rather than a § 1983 claim for deliberate indifference, he has the option to refile his claims in the New Mexico state court.  The Lea County Division of New Mexico's Fifth Judicial District is located at the following address:

> Lea County District Court
> 100 N. Love St., Box 1A
> Lovington, NM 88260

**IT IS ORDERED** that Plaintiff Tsosie Washburn, Jr.'s Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6); and Plaintiff may file an amended complaint in this case within thirty (30) days of entry of this Order.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE