IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TSOSIE WASHBURN, JR.,

    Plaintiff,

v.                                                                                No. 24-cv-0738-DHU-LF

LEA COUNTY CORRECTIONS FACILITY, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Tsosie Washburn, Jr.'s failure to amend his 42 U.S.C. § 1983 complaint as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The original Complaint (Doc. 1) alleges prison officials failed to provide adequate medical care, but the nature of Plaintiff's injury is unclear. *See* Doc. 1 at 3. It appears prison officials may have failed to properly manage his diabetes. Plaintiff states he spent three days in the hospital "due to insulin" and "medical negligence." *Id.* at 5, 12, 15. The original Complaint raises 42 U.S.C. § 1983 claims for medical malpractice/negligence and breach of liberty. *Id.* at 3. Plaintiff seeks $1.3 million in damages from three Defendants: (1) Lea County Correctional Facility (LCCF); (2) Officer Olivas; and (3) Grievance Officer T. Goins. *Id.* at 1-2, 5.

    By a ruling entered August 19, 2025, the Court conducted a *sua sponte* review of the original Complaint and determined it fails to state a cognizable 42 U.S.C. § 1983 claim. *See* Doc. 7 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (courts must *sua sponte* review *in forma pauperis* complaints to determine whether they state a claim). The Screening Ruling explains LCCF is not a person subject to suit under § 1983, and the original Complaint (Doc. 1) fails to

connect any individual Defendants to the alleged wrongdoing. *See* Doc. 7 at 3; *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities ... are not 'persons' ... under § 1983"); *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("collective allegations" regarding the alleged wrongdoing do not state a viable claim). The Screening Ruling alternatively concludes that the alleged facts are insufficient to demonstrate a constitutional violation. *Id.* at 3-5 (applying the legal standard for deliberate indifference to medical needs); *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation").

For these reasons, the Court dismissed the original Complaint (Doc. 1) without prejudice. Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), Plaintiff was permitted to amend within thirty (30) days of entry of the Screening Ruling. The Court deferred ruling on whether to exercise supplemental jurisdiction over state law claims, if any, until after reviewing the amended federal claims. The Screening Ruling warns that the failure to timely amend may result in dismissal without further notice. Plaintiff was also advised that if he wishes to pursue a claim for malpractice and/or negligence, he may refile his claims in state district court.

The deadline to file an amended complaint expired on September 18, 2025. Plaintiff did not comply; show cause for such failure; or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case under Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing Rule 41(b) dismissals). This dismissal is without prejudice, and Plaintiff may refile his claims in the Lea County Division of New Mexico's Fifth Judicial District.

**IT IS ORDERED** that this case, including each claim in Plaintiff Tsosie Washburn, Jr.'s

original Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to Rule 41(b); and the Court will enter a separate judgment closing the civil case.

    **SO ORDERED**.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE